UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:04-cr-00007-JRS-CMM |
| ) | |
| CLAUDE WILEY, JR., ) -01 | |
| ) | |
| Defendant. ) | |

**Order Denying Motion to Reduce Sentence under the First Step Act**

In 2005, a jury convicted Defendant Claude Wiley of one count of conspiring to distribute crack cocaine, one count of distributing powder cocaine, and one count of possessing with the intent to distribute crack cocaine. *See* dkt. 52, ¶ 2 (presentence investigation report). Currently serving a sentence of 395 months (395 months for count one, 360 months for count two, and 395 months for count three, all running concurrently), Mr. Wiley now seeks a sentence reduction in light of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). The government opposes the motion. For the reasons explained below, Mr. Wiley's motion to reduce sentence under the First Step Act, dkt. [37], is **denied.**

## I.   Background

Mr. Wiley seeks a sentence reduction under § 404(b) of the First Step Act from 395 to 186 months, which would result in his immediate release. He also asks the Court to reduce his term of supervised relief from 10 years to 8 years. Dkt. 37. In support, he submits evidence of his post-sentencing rehabilitation and letters of support. Dkts. 37-1, 37-2, 37-3, 48-1, 48-2. Alternatively, Mr. Wiley asks the Court to set his case for a plenary resentencing hearing. Dkt. 37 at 15–16. In response, the United States concedes that Mr. Wiley is eligible for resentencing but argues he should not receive a lower sentence because the First Step Act did not change his guideline range

1

and, regardless, no reduction is warranted based on the sentencing factors stated in 18 U.S.C. § 3553(a). Dkt. 43.

### A. Fair Sentencing Act of 2010 and First Step Act of 2018

Congress passed the Anti-Drug Abuse Act of 1986 in an effort to remedy the nationwide fear of drug abuse generally and crack cocaine in particular. *See generally United States v. Shull*, 793 F. Supp. 2d 1048, 1050 (S.D. Ohio 2011) (discussing the history of crack cocaine sentencing and the Anti-Drug Abuse Act of 1986); *United States v. Watts*, 775 F. Supp. 2d 263, 266–67 (D. Mass 2011) (same). The Anti-Drug Abuse Act created a harsh sentencing disparity between crack cocaine and powder cocaine offenses. *Dorsey v. United States*, 567 U.S. 260, 263 (2012); *Kimbrough v. United State*s, 552 U.S. 85, 94–95 (2007).

The "unjustified race-based differences" in federal sentencing between powder cocaine and crack cocaine offenses were not addressed until Congress enacted the Fair Sentencing Act in 2010. *Dorsey*, 567 U.S. at 268–69; *see also United States v. Dodd*, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019) (Fair Sentencing Act passed to remedy disproportionately harsh sentences imposed for crack cocaine). Among other things, the Fair Sentencing Act increased the amount of crack cocaine required to trigger certain mandatory minimums. *United States v. Booker*, No. 07-CR-843-7, 2019 WL 2544247, at *1 (N.D. Ill. June 20, 2019). As amended by the Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(B)(iii) now provides for a sentencing range of 5 to 40 years if the offense involved at least 28 grams but less than 280 grams of crack cocaine, with possible enhancement to 10 years to life based on any prior conviction for a "serious drug felony." 21 U.S.C. § 841(b)(1)(B)(iii) (2011).

Signed into law on December 21, 2018, the First Step Act makes retroactive the Fair Sentencing Act's reduction in the disparity between crack and powder cocaine sentences:

> (a) Definition of covered offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

132 Stat. at 5222 (First Step Act, § 404(a), (b)). Relief is not available under § 404 if (1) the defendant's sentence was already imposed or reduced under the Fair Sentencing Act; or (2) a court has already denied a motion for sentence reduction under the First Step Act after a complete review of the motion on the merits. *Id.* (First Step Act § 404(c)). In addition, § 404 provides that "[n]othing in this section shall be construed to require a court to reduce any sentence[.]" *Id.*

### B. Factual Background

In March 2005, a jury convicted Mr. Wiley of: (1) one count of conspiring to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (2002) ("count one"); (2) one count of distributing less than 500 grams of powder cocaine in violation of §§ 841(a)(1) and 846(b)(1)(C) (2002) ("count two"); and (3) one count of possessing with intent to distribute in excess of 50 grams of crack cocaine in violation of §§ 841(a)(1) and 841(b)(1)(A) ("count three"). *See* dkt. 52, ¶¶ 1−2. The government had filed an information detailing a prior felony drug conviction under 21 U.S.C. § 851(a)(1), *see* dkt. 52, ¶ 2, so counts one and three carried mandatory sentences of 20 years to life and count two carried a sentence of zero to 30 years. 21 U.S.C. §§ 841(b)(1)(A), (C) (2002). Counts one and three also required terms of at least 10 years of supervised release. *Id.* § 841(b)(1)(A) (2002).

Before Mr. Wiley was sentenced, a presentence investigation report ("PSR") was prepared. Dkt. 52. The PSR recounted trial testimony establishing that, from 1990 to 2003, Mr. Wiley

conspired to deal significant amounts of powder and crack cocaine in Terre Haute, Indiana. *Id.*, ¶¶ 5–7. Mr. Wiley had previous convictions for attempted armed robbery (in 1988) and manufacture/delivery of a controlled substance (in 1992), so he qualified as a career offender within the meaning of United States Sentencing Guidelines § 4B1.1 ("U.S.S.G."). *Id.*, ¶ 20. Thus, his minimum base offense level was 37. *Id.* Because, however, more than 1.5 kg of crack cocaine was attributed to Mr. Wiley, his base offense level was set at 38. *Id.*, ¶ 12. His previous criminal history (which included adult convictions for attempted armed robbery and armed violence; manufacture/delivery of a controlled substance; retail theft; and driving with a suspended driver's license and fleeing from police) qualified him for a criminal history category of V. *Id.*, ¶¶ 26−28. Because Mr. Wiley was a career offender, U.S.S.G. § 4B1.1 mandated that he be given a criminal history category of VI. *Id.*, ¶ 33. With a base level of 38 and a criminal history category of VI, his guideline range was 360 months to life. *Id.*, ¶ 65.

Mr. Wiley's sentencing hearing was held on May 20, 2005, and judgment was entered against him on May 25, 2005. Dkt. 1 (JAMS Docket entries for May 20, 2005 and May 25, 2005). Mr. Wiley was sentenced to a total of 395 months in prison, representing 395 months for count one, 360 months for count two, and 395 months for count three, all to run concurrently. Dkt. 1-2 at 2. He was also sentenced to a 10-year term of supervised release, representing 10 years for count one, 6 years for count two, and 10 years for count three, all to run concurrently. *Id.* at 3.

Mr. Wiley's convictions were affirmed on direct appeal. *United States v. Wiley*, 475 F.3d 908 (7th Cir. 2007). He filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in 2008, but that motion was denied and dismissed with prejudice in 2009. Dkt. 1 (JAMS Docket Entries for June 19, 2008, and February 20, 2009). He filed several other motions for relief under § 2255, but they all were denied or dismissed. Dkts. 20–26, 29, 31, 33.

4

After passage of the First Step Act, the penalties for counts one and three changed. Currently, the mandatory sentencing range for those counts is 10 years to life (reflecting a § 851 enhancement for Mr. Wiley's previous felony drug conviction). *See* 21 U.S.C. § 841(b)(1)(B)(iii). The statutory range for count two has not changed and remains zero to 30 years. 21 U.S.C. § 841(b)(1)(C). The parties also agree that Mr. Wiley's sentencing guideline range has not changed because he is still a career offender, so his guideline range remains 360 months to life. Dkt. 48 at 1−2 (acknowledging unchanged guideline range but arguing that Mr. Wiley is nevertheless eligible for reduced sentence).

## II.   Discussion

The Court agrees with the parties that Mr. Wiley is eligible for a sentence reduction under § 404 of the First Step Act. Counts one and three are "covered offenses" within the meaning of the First Step Act, Mr. Wiley has not previously benefited from the Fair Sentencing Act, and he has not previously sought relief under the First Step Act. Thus, he is eligible for a sentence reduction. *United States v. Garrett*, 2019 WL 2603531, *2−3 (S.D. Ind. June 25, 2019) ("If Congress had intended to limit eligibility under § 404 only to cases in which the guideline range had been lowered . . . it could have said so.").

The fact that Mr. Wiley is eligible for a sentence reduction does not mean that he is entitled to one. *See United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019) ("'That [defendant] is eligible for resentencing does not mean he is entitled to it.'" (quoting *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019)). Instead, the "sentencing court has broad discretion, since 'nothing' in the [First Step Act] 'shall be construed to require a court to reduce any sentence.'" *Id.* (quoting First Step Act, §404(c)). Here, the Court exercises its discretion not to reduce Mr. Wiley's sentence.

5

The Court first notes that count two—the powder cocaine offense, for which Mr. Wiley is sentenced to 360 months—is not a "covered offense" within the meaning of the First Step Act. Although the Seventh Circuit has not yet considered the issue, courts generally agree that the First Step Act does not mandate plenary resentencing. *See United States v. Cooper*, 903 F. App'x 33, 35 (7th Cir. 2020) (collecting cases, finding no plain error where district court did not conduct plenary resentencing, and noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all"). And Mr. Wiley fails to cite any authority that would allow the Court to resentence him for that count. Thus, Mr. Wiley has not established that the Court could reduce his total term of imprisonment below the 360 months he received for count two.

Regardless, even if the Court could reduce Mr. Wiley's total sentence below 360 months, it would decline to do so based on a complete review of the record before the Court, including the relevant 18 U.S.C. § 3553(a) factors. It is appropriate under the First Step Act to consider the lowered minimum mandatory sentences for counts one and three, but they do not justify a lower sentence in this case. Mr. Wiley was sentenced after the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). Thus, the guidelines were discretionary, and the sentencing judge could have imposed a sentence as low as 240 months (20 years) for counts one and three (and as low as zero months for count two). He did not do so. Instead, the sentencing judge imposed a sentence of 395 months—almost three years longer than the low end of the guideline range and almost thirteen years longer than the mandatory minimum sentence. This sentence was based mainly on Mr. Wiley's "substantial criminal history," not the quantity or type of drug he was responsible for in the charged offenses. Dkt. 56 at 12. Indeed, the sentencing judge described Mr. Wiley's criminal history as "what the concept of career offender was designed for." *Id.* The Court has reviewed the trial transcript, the sentencing hearing transcript, and the PSR, and agrees

that the 395-month sentence was appropriate, even though the minimum mandatory sentence has been reduced. Considering all of the factors, this sentence is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Mr. Wiley's request for a sentence reduction relies almost exclusively on his post-sentencing rehabilitation. To be sure, a court may consider a defendant's post-sentencing conduct when evaluating a motion for sentence reduction pursuant to § 404. *See United States v. Shaw*, 957 F.3d 734, 742 (7th Cir. 2020). But here the post-sentencing conduct does not persuade the Court that a reduction is in order. The purpose of § 404 is to allow federal courts an opportunity to impose a reduced sentence for a defendant who may have received a shorter sentence in the first place if the disparities for crack and powder cocaine had not been so great. As discussed above, the transcripts make clear that Mr. Wiley was sentenced to 395 months, not because of a particular quantity or type of drugs, but because of his long-term drug dealing and otherwise extensive criminal history. As none of that has changed, the Court declines to impose a reduced sentence pursuant to § 404. For the same reasons, the Court declines to conduct a plenary resentencing.

### III.    Conclusion

For the reasons stated above, Mr. Wiley's motion to reduce his sentence under the First Step Act, dkt. [37], is **denied**.

**IT IS SO ORDERED.**

Date:   6/24/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Sara Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org